```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

                                    :
JOHN SETEVAGE,                      :
                                    :
v.                                  :   CIV. NO. 3:08CV1645   (HBF)
                                    :
JANET NAPOLITANO, SECRETARY         :
OF THE UNITED STATES                :
DEPARTMENT OF HOMELAND              :
SECURITY; JOHN S. PISTOLE,          :
ADMINISTRATOR OF THE                :
TRANSPORTATION SECURITY             :
ADMINISTRATION AND THE              :
FEDERAL AIR MARSHAL SERVICE.        :
                                    :
```

RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff John Setevage brought this suit against the Defendants, Janet Napolitano, Secretary of the United States Department of Homeland Security; and John S. Pistole, Administrator of the Transportation Security Administration and Federal Air Marshal Service, alleging employment discrimination under the Age Discrimination and Employment Act, 29 U.S.C. §§ 621-634. Defendants argue three grounds for entry of summary judgment: (1) the action is barred due to failure to exhaust administrative remedies; (2) there is no material issue of fact for trial; and (3) dismissal is appropriate with respect to all defendants, who were improperly named as defendants, except the Secretary of Homeland Security.

1

For the reasons that follow, Defendants' Motion for Summary Judgment **[Doc. #55]** is **GRANTED**.

I.  <u>**STANDARD OF REVIEW**</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  When a party asserts that a fact cannot be or is genuinely disputed, the assertion must be supported by citing to evidence in the record, or by showing that the materials cited do not or cannot establish the absence or presence of a dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B).

When the movant bears the burden of proving the material facts, he must show that there is no genuine dispute as to those facts.  See <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the [movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [movant]." <u>Dawson v. Cnty. of Westchester</u>, 373 F.3d 265, 272 (2d Cir. 2004) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)) (internal quotation marks omitted).  Once the movant has met this burden, the nonmoving party must "set forth specific facts showing that there is a genuine [dispute] for trial." <u>Anderson</u>, 477 U.S. at 256.

When reviewing the record, the court resolves all ambiguities and draws all inferences in favor of the party against whom summary judgment is sought. Patterson v. Cnty. of Oneida, 375 F.3d 206, 219 (2d Cir. 2004) (citing Anderson, 477 U.S. at 255). If there is any evidence in the record on a material issue from which a reasonable inference could be drawn in favor of the nonmoving party, summary judgment is inappropriate. Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc., 391 F.3d 77, 83 (2d Cir. 2004).

## II.  FACTS

### A.  Plaintiff's Job Application

This case alleges discrimination on the basis of age in the hiring process. On or about November 30, 2005, Plaintiff applied for a position as a federal air marshal. He received a "Conditional Offer of Employment" letter on January 30, 2006, setting out the remaining stages of the application and assessment process. Plaintiff was fifty-four years old when he completed the prerequisites outlined in the conditional offer.

Upon successfully passing the background investigation, Plaintiff had his panel interview at the Federal Air Marshal Service Boston Field Office on June 22, 2006. He was given a panel interview score of 48 out of 63, which represented a "recommended" ranking. On a date following the panel interview,

Plaintiff completed a Physical Training Assessment and received an overall score of "Good."

Plaintiff's completed application was reviewed by the Quality Review Board ("QRB"). Upon review, the QRB determined that Plaintiff would not be recommended for hire.

### B. Age Discrimination Complaint Process

For the reasons that follow, the Court finds that Plaintiff failed to file a timely notice of intent to sue with the EEOC. The undisputed facts[1] in support of this conclusion are set forth below.

Plaintiff received from the Federal Air Marshal Service a rejection letter dated October 19, 2006, also known as a "better qualified applicants" ("BQA") letter. [Doc. #55-2 ¶ 50; Second Amend. Compl. ¶ 19]. Plaintiff testified that he first realized he had not been selected for the federal air marshal position on June 29, 2007, when the vacancy announcement was closed. [Doc. #55-2 ¶ 51].

On December 13, 2007, Plaintiff initiated an informal complaint of discrimination, referred to as Equal Employment Opportunity ("EEO") counseling. [Doc. #55-2 ¶ 53]. On February 6, 2008, Plaintiff filed a notice of intent to sue with the Equal Employment Opportunity Commission ("EEOC"). [Doc. #55-2 ¶ 52]. The intent to sue letter was filed before the informal

---

[1] Plaintiff and Defendants submitted Local Rule 56(a)(2) [Doc. #76] and Local Rule 56(a)(1) [Doc. #55-2] Statements, respectively.

4

EEO counseling process was concluded.  [Doc. #55-2 ¶ 54, Ex. 14].

On March 15, 2008, Plaintiff received notice that the EEO counseling process was ineffective to resolve his matter, and he was then given notice of his right to file a formal complaint with the EEOC.  [Doc. #55-2 ¶ 54, Ex. 14].  There is no evidence that Plaintiff ever filed a formal complaint of age discrimination with the EEOC.  Rather, on October 28, 2008, Plaintiff initiated this civil action by filing a complaint in the U.S. District Court for Connecticut.  [Doc. #1].

### III. DISCUSSION

#### A.  Exhaustion of Administrative Process

Exhaustion of administrative process is a condition precedent to the initiation of a civil action in federal court on a claim of age discrimination in federal employment.  29 U.S.C. §633a(d); Stevens v. Dep't of the Treasury, 500 U.S. 1, 5-6 (1991); Wrenn v. Secretary, Dept. of Veterans Affairs, 918 F.2d 1073, 1077 (2d Cir. 1991).  These statutory prerequisites to bringing a civil action provide an opportunity for early conciliation and thus conserve scarce judicial resources. Wrenn, 918 F.2d at 1078.

A federal employee or applicant for federal employment has two alternative routes for pursuing a claim of age discrimination.  A claimant may initiate a formal complaint of

age discrimination with the Equal Employment Opportunity Commission ("EEOC"), and then file a civil action in the federal district court if he is not satisfied with his administrative remedies.  See 29 U.S.C. §633a(b)(c). A claimant does not have to seek relief from the EEOC; he may decide to file directly a civil action in federal district court, but only after giving the EEOC timely notice of his intent to sue.  29 U.S.C. § 633a(d), Stevens, 500 U.S. at 6-8; Wrenn, 918 F.2d at 1078.

Defendants argue that Plaintiff is barred from bringing this civil action because he failed to satisfy either option. The Court agrees.

### EEOC-Formal Complaint

Plaintiff never filed a formal complaint with the EEOC, electing to file an intent to sue with the EEOC and pursue his ADEA claim directly in federal district court.

### EEOC-Notice to Sue

It is undisputed that Plaintiff filed his notification of intent to sue on February 6, 2008.  Pursuant to the statute, Plaintiff was required to file a timely notice of intent to sue with the EEOC, within 180 days of the alleged discriminatory practice.  See 29 U.S.C. § 633a(d).

Plaintiff received his BQA letter informing him that he was not selected for the federal air marshal position on October 19, 2006.  Plaintiff testified that he realized he would not be

6

selected when the vacancy announcement closed on June 29, 2007. Applying either date, Plaintiff's notice of intent to sue was provided to the EEOC well in excess of the 180 day requirement. Here, there is no evidence that Plaintiff either filed a formal administrative complaint or gave the EEOC timely notice prior to filing suit. See Rojas v. Principi, 326 F. Supp. 2d 267, 277 (D.P.R. 2004); see also Schism v. United States, 972 F. Supp. 1398, 1406 (N.D. Fla. 1997); Metsoulos v. Runyon, 918 F. Supp. 851, 859 (D.N.J. 1996). Accordingly, the ADEA claimmust be dismissed.

### B.   Equitable Tolling

Plaintiff argues that even if his notice were untimely, he is entitled to equitable tolling of the 180 day requirement. Plaintiff claims that he was actively misled by the Defendants to believe that Defendants were still considering him for the federal air marshal position even after he received his BQA letter.

Equitable tolling has been found to be applicable to ADEA claims. See, e.g., Paneccasi v. Unisource Worldwide, Inc., 532 F.3d 101, 112 (2d. Cir. 2008). "However, equitable tolling is only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. N.Y. City Transit Authority,

333 F.3d 74, 80 (2d Cir. 2003) (internal quotations and citations omitted).

Equitable tolling is considered appropriate in three situations: (1) when a plaintiff has actively pursued judicial remedies but filed a defective pleading in the statutory period; (2) "where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant;" and (3) where a plaintiff's medical condition or mental impairment prevented him or her from proceeding in a timely fashion. Id. (internal quotations and citations omitted). The first and third categories of conduct justifying equitable tolling are not at issue in this case.

Plaintiff claims that the defendants actively misled him into thinking that he was still being considered for the federal air marshal position even after he received the BQA letter, entitling him to equitable tolling from that date forward. Even assuming this to be true, Plaintiff admits he was aware that he had not been selected for the position when the vacancy announcement was closed on June 29, 2007. If the 180 day requirement for filing the notice of intent to sue were equitably tolled until June 29, 2007, Plaintiff's notice of intent to sue was still untimely. Calculating 180 days from June 29, 2007, the notice of intent to sue was due by December 26, 2007. Thus, Plaintiff's February 6, 2008, notice of intent

to sue was filed untimely.  Plaintiff made no argument and provided no evidence to show he was "prevented in some extraordinary way from exercising his rights," <u>Zerilli-Edelglass</u>, 333 F.3d at 80, so as to warrant tolling the 180 day requirement for filing the notice of intent to sue beyond June 29, 2007.

Plaintiff, therefore, failed to satisfy the statutory requirements for bringing a civil action in a district court under the ADEA, and judgment must enter in favor of the Defendants.

**IV.   <u>CONCLUSION</u>**

Defendants' Motion for Summary Judgment **[Doc. #55]** is **GRANTED**.  This is **not** a recommended ruling.  The parties consented to proceed before a United States Magistrate Judge **[Doc. #16]** and on February 9, 2011 this case was transferred to the undersigned for all purposes, including the entry of judgment.

SO ORDERED at Bridgeport this 27th day of March 2012.

                     ____/s/_____
                     HOLLY B. FITZSIMMONS
                     UNITED STATES MAGISTRATE JUDGE